IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00464-PAB

JENNIFER SEIWALD,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,
COLLIN DRAINE, and
CAITLAN GILLILAND.

    Defendants.

# ORDER

    This matter is before the Court on plaintiff's Motion to Remand [Docket No. 19], defendant Caitlan Gilliland's Motion to Dismiss [Docket No. 16], and defendant Collin Draine's Motion to Dismiss [Docket No. 18].

## I. BACKGROUND

    On October 7, 2015, plaintiff Jennifer Seiwald was injured in a car accident. Docket No. 1-2 at 3, ¶ 14.  After a September 2019 trial against the tortfeasor, judgment entered in her favor for over $825,000.  Docket No. 33-1.  Thereafter, plaintiff filed this lawsuit against her insurer, defendant Allstate Property and Casualty Insurance Company ("Allstate"), and two in-house Allstate claims adjusters, Caitlan Gilliland and Collin Draine, for statutory bad faith delay or denial of insurance benefits and, in the case of Allstate, common law bad faith.  *See generally* Docket No. 1-2.  Plaintiff filed the case in the District Court for Larimer County, Colorado.  *See id.*

Allstate removed this case to federal court on February 20, 2020. Docket No. 1. Allstate alleges that the Court has subject matter jurisdiction because Allstate is a citizen of Illinois and plaintiff is a citizen of Colorado. Docket No. 1 at 2, ¶ 4. In its notice of removal, Allstate does not allege the citizenship of Ms. Gilliland and Mr. Draine. However, defendants do not dispute that Ms. Gilliland and Mr. Draine are Colorado citizens. See Docket No. 30 at 3-4.

On February 27, 2020 and March 18, 2020, Ms. Gilliland and Mr. Draine, respectively, filed motions to dismiss arguing, inter alia, that they were fraudulently joined and, as a result, their Colorado citizenship is immaterial to the Court's diversity jurisdiction over this case. See Docket No. 16 at 14-15; Docket No. 18 at 14-15; Docket No. 30 at 3. On March 19, 2020, plaintiff filed a motion to remand, arguing that she has offered a plausible legal theory of recovery against Ms. Gilliland and Mr. Draine and, as a result, they were not fraudulently joined.[1] Docket No. 19 at 4-5. Plaintiff therefore asks the Court to remand the case for lack of complete diversity between the parties. *Id.* at 2.

## II. LEGAL STANDARD

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To have original jurisdiction in a diversity case pursuant to 28 U.S.C. § 1332(a), there must be "complete diversity" such that "each plaintiff . . . [is] diverse from each defendant."

---

[1] Plaintiff offers two other arguments as to why remand is proper, namely, that Ms. Gilliland and Mr. Draine did not consent to Allstate's removal of the case and that factual issues preclude a finding of fraudulent joinder. See Docket No. 19 at 11-12.

*Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011).  The so-called forum defendant rule, 28 U.S.C. § 1441(b)(2), prevents removal to federal district court even where diversity is established when one of the defendants is a citizen of the forum state.  See *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).  A party's citizenship is determined at the time the complaint was filed.  *Siloam Springs Hotel*, *L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

Despite a lack of complete diversity, a party's citizenship can be ignored for the purposes of determining whether removal was proper if the party was fraudulently joined.  See *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).  In cases where fraudulent joinder is claimed, courts must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *Smoot v. Chicago*, *Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967).  To prove that a defendant was fraudulently joined, defendants must show "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Dutcher*, 733 F.3d at 988 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)); see also *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D. Colo. 2000).

"Where a defendant does not allege fraud in the pleading of jurisdictional facts, the sole issue before the court is whether plaintiff has stated a basis for recovery against resident defendants under state law."  *Frontier Airlines, Inc. v. United Air Lines,*

*Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989). This is a high burden, as there must be no possibility of recovery in state court. *See id.* ("If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court.") *Id.* Thus, a court cannot "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882. Any doubts regarding the propriety of removal are resolved in favor of remand and in favor of the plaintiff. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted); *Torres v. Am. Fam. Mut. Ins. Co.*, No. 07-cv-01330-MSK-MJW, 2008 WL 762278, at *3 (D. Colo. Mar. 19, 2008). "[T]here need only be a possibility that a right to relief exists under the governing law . . . and the plaintiff's ultimate failure to obtain a judgment is immaterial." 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3723.1 (Rev. 4th ed. 2020).

## III. ANALYSIS

Defendants argue that Ms. Gilliland and Mr. Draine were fraudulently joined because Colorado law unequivocally does not recognize a statutory claim for unreasonable delay against an insurance adjuster. Docket No. 30 at 6-8. Defendants primarily rely on *Riccatone v. Colorado Choice Health Plans*, 315 P.3d 203, 211 (Colo. App. 2013), which interpreted Colorado Revised Statute § 10-3-1115 and § 10-3-1116 to determine whether third-party plan administrators and brokers could be liable on a statutory bad faith claim. Plaintiff makes three arguments in response. First, she

argues that *Riccatone* does not resolve the specific question here. Docket No. 20 at 5-6. Second, plaintiff makes a colorable statutory argument that she says precludes a finding of fraudulent joinder. *Id.* at 4-5. Third, even if *Riccatone* is controlling law, she claims that there are outstanding issues of fact that make a finding of fraudulent joinder inappropriate. *Id.* at 9. The Court agrees with plaintiff and finds that defendants have not met their high burden of showing that there is no possibility of relief in state court.

Colorado Revised Statute § 10-3-1116(1) provides a first-party claimant with a cause of action when his or her claim for benefits is unreasonably delayed or denied. *See* Colo. Rev. Stat. § 10-3-1116(1) (stating that a first-party claimant "may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit"). This section does not state who is liable for such a claim. *See id.* Rather, it refers to Colorado Revised Statute § 10-3-1115, which states that a "person engaged in the business of insurance" may not delay or deny payment of claims. Colo. Rev. Stat. § 10-3-1115(1)(a). Furthermore, Colorado Revised Statute § 10-3-1102(3) defines a "person" as "any individual, corporation . . . and other legal entities engaged in the insurance business, including agents . . . , and *adjusters*." Colo. Rev. Stat. § 10-3-1102(3) (emphasis added). Given that § 10-3-1116(1) does not define who is liable, there is at least a reasonable plain language reading of the statutes that an insurance adjuster, who is defined as a "person" in § 10-3-1102(3), could be a "person engaged in the business of insurance" who may not delay or deny the payment of claims. Under this interpretation of the statutory bad faith statute, defendants would have little basis to assert that Ms. Gilliland and Mr. Draine were fraudulently joined.

Defendants, however, argue that *Riccatone* precludes such an interpretation. Docket No. 16 at 6-7; Docket No. 18 at 6-7; Docket No. 30 at 6-10.  In *Riccatone*, the plaintiff brought a statutory claim for unreasonable delay against the third-party administrators and the broker-advisor for a self-funded healthcare plan.  315 P.3d at 208-9.  The court determined that there were two reasonable interpretations of the plain language of § 10-3-1115 and § 10-3-1116 and that the statutes were therefore ambiguous.  *Id.* at 209.  The court then reviewed the legislative history of the statutes as well as the title of the acts.  *Id.*  Ultimately, the court held that the third-party administrator and the broker-advisor could not be liable for unreasonable delay or denial because a cause of action under § 10-3-1116(1) is limited to "those individuals or entities against whom a common law claim of bad faith breach of insurance contract would lie."  *Id.* at 210-11.

Nevertheless, the reasonable conclusion of one division of the Colorado Court of Appeals regarding an arguably ambiguous statutory provision does not meet defendants' significant burden of demonstrating that there is no possibility of relief in state court against Ms. Gilliland or Mr. Draine.  *See Frontier Airlines*, 758 F. Supp. at 1404.  "If there is even a possibility" of relief, the Court cannot find fraudulent joinder. *Frontier Airlines*, 758 F. Supp. at 1404.  Divisions of the Colorado Court of Appeals need not follow the reasoning of other divisions, and splits among divisions of the Colorado Court of Appeals are common.  *See Hogan v. Bd. of Cty. of Comm'rs*, 459 P.3d 629, 635-636 (Colo. App. 2018) (noting that the *Hogan* division's holding differed from another division and that divisions "are not bound by the decision of another

division of this court" (citation omitted)); *see also* Colo. R. App. Proc. 49(c) (stating that conflicting decisions between divisions of the Colorado Court of Appeals provides a basis to grant a writ of certiorari to the Colorado Supreme Court). Where, as here, there is no Colorado Supreme Court opinion on point, and a plaintiff brings a novel statutory claim based on an ambiguous statutory provision with multiple reasonable interpretations, the Court cannot find that there is no possibility of relief in state court.[2]

The Court finds that defendants have failed to demonstrate fraudulent joinder. The Court therefore turns to the issue of subject matter jurisdiction. It is undisputed that the parties are not diverse. Plaintiff, Ms. Gilliland, and Mr. Draine are all Colorado citizens. As a result, there is not complete diversity, and the Court does not have subject matter jurisdiction. *See* 28 U.S.C. § 1332(a) ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."); *see also Ravenswood*, 651 F.3d at 1223 (requiring "complete diversity" between the parties)*; Brazell*, 525 F. App'x at 884 (noting the forum defendant rule).

---

[2] The District of Colorado cases that defendants cite do not alter this conclusion. *Nunn v. St. Paul Travelers*, No. 05-cv-01246-WDM-MJW, 2006 WL 827403 (D. Colo. Mar. 28, 2006), did not analyze the statutory provisions at issue here because the order was issued before they were passed. *See Riccatone*, 315 P.3d at 209 (noting that the statutory unreasonable denial and delay provisions at issue did not become effective until August 5, 2008). Defendants' reliance on *Torres* fails for the same reason. *See* 2008 WL 762278, at *5-6.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion to Remand [Docket No. 19] is **GRANTED**.  It is further

**ORDERED** that defendant Caitlan Gilliland's Motion to Dismiss [Docket No. 16] is **DENIED**.  It is further

**ORDERED** that defendant Collin Draine's Motion to Dismiss [Docket No. 18] is **DENIED**.  It is further

**ORDERED** that defendant Allstate Property and Casualty Insurance Company's Motion to Dismiss [Docket No. 17] is **DENIED** as moot.  It is further

**ORDERED** that this case is **REMANDED** to the District Court for Larimer County, Colorado, where it was originally filed as Case No. 2020CV30076.  It is further

**ORDERED** that this case is closed.


DATED November 24, 2020.

BY THE COURT:

 /s Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge